1   MORGAN, LEWIS & BOCKIUS LLP
    Lisa R. Weddle, Bar No. 259050
2   *lisa.weddle@morganlewis.com*
    Pilar Mae Hoye, Bar No. 357580
3   *pilar.hoye@morganlewis.com*
    300 South Grand Avenue
4   Twenty-Second Floor
    Los Angeles, CA  90071-3132
5   Tel:   +1.213.612.2500
    Fax:   +1.213.612.2501
6
    MORGAN, LEWIS & BOCKIUS, LLP
7   Andrew V. Devkar, Bar No. 228809
    *andrew.devkar@morganlewis.com*
8   2049 Century Park East
    Suite 700
9   Los Angeles, CA 90067
    Tel: +1.310.907.1000
10  Fax: +1.310.907.1001

11  Attorneys for Defendants
    MICROSOFT CORPORATION,
12  NBCUNIVERSAL MEDIA, LLC,
    WARNER BROS. DISCOVERY, INC.,
13  THE WALT DISNEY COMPANY,
    and AMERICAN BROADCAST
14  COMPANIES, INC.

15

16                    UNITED STATES DISTRICT COURT

17                    CENTRAL DISTRICT OF CALIFORNIA

18

19  MARTIN D. BUCKLER, an individual,       Case No. 8:25-CV-00095

20              Plaintiff,                   **NOTICE OF REMOVAL TO
                                             FEDERAL COURT PURSUANT
21          vs.                              TO 28 U.S.C. §§ 1331, 1338, 1441,
                                             AND 1446**
    FOX CORPORATION; MICROSOFT
22  CORPORATION; NBCUNIVERSAL               [Removed from Superior Court of
    MEDIA, LLC; WARNER BROS.                California, County of Orange, Case
23  DISCOVERY, INC.; THE WALT               No. 30-2024-01431275-CU-MC-
    DISNEY COMPANY; AMERICAN                CJC]
24  BROADCAST COMPANIES, INC.;
    GOOGLE LLC; APPLE INC.;
25  NATIONAL SECURITY AGENCY, a
    Federal Agency; AND DOES 1 – 20,
26  inclusive,

27              Defendants.

28

1 **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2 **DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF**

3 **RECORD:**

4      **PLEASE TAKE NOTICE THAT** Defendants Microsoft Corporation,

5 NBCUniversal Media, LLC, Warner Bros. Discovery, Inc., The Walt Disney

6 Company, and American Broadcast Companies, Inc., by and through their counsel,

7 hereby remove the above-entitled action to this Court from the Superior Court of

8 the State of California, County of Orange, pursuant to 28 U.S.C. §§ 1331, 1332,

9 1441, and 1446.  In support of this removal, Microsoft, NBCUniversal, Warner

10 Bros., TWDC, and ABC state the following:

11 **I.**      **PLEADINGS, PROCESS, AND ORDERS**

12      1.     On or about October 3, 2024, Plaintiff Martin D. Buckler filed an

13 unverified complaint for damages in the Superior Court of the State of California,

14 County of Orange, entitled *Martin D. Buckler v. Fox Corporation, et al.*, Case No.

15 30-2024-01431275-CU-MC-CJC.

16      2.     Plaintiff alleges twenty causes of action in the Complaint:

17 (1) copyright infringement under 17 U.S.C. § 501(a)-(b), (2) patent infringement

18 under 35 U.S.C. § 271, (3) trademark infringement under 15 U.S.C. § 1051 *et seq.*,

19 (4) trade secrets misappropriation under 18 U.S.C. §§ 1832, 1863 *et seq.* and Cal.

20 Civ. Code § 3426 *et seq.*, (5) breach of implied contract, (6) unjust enrichment,

21 (7) common count: goods and services rendered, (8) promissory estoppel,

22 (9) breach of implied duty of good faith and fair dealing, (10) intentional

23 interference with prospective economic advantage, (11) negligent interference with

24 prospective economic advantage, (12) fraudulent misrepresentation and deceit,

25 (13) fraudulent concealment, (14) fraudulent inducement, (15) negligent

26 misrepresentation, (16) fraud by wire, radio, or television under 18 U.S.C. § 1343,

27 (17) conversion, (18) violation of Bus. and Prof. Code §17200, (19) intentional

28 infliction of emotional distress, and (20) declaratory relief.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

NOTICE OF REMOVAL TO FEDERAL
COURT [CASE NO. 8:25-CV-00095]

3.      On December 18, 2024, Plaintiff served the Complaint on Warner Bros. and NBCUniversal, and on December 19, 2024, Plaintiff served Microsoft, TWDC, and ABC with the Complaint.  True and correct copies of the Summons, Complaint, and all other concurrently served documents are attached hereto as **Exhibit A**.

4.      **Exhibit A** constitutes all pleadings, process, and orders that have been served in the Superior Court action.

5.      No proceedings have been held in the Superior Court action.

6.      To date, all defendants other than the National Service Agency appear to have been served based on the proofs of service Plaintiff filed in the Superior Court action.  The week of January 13, 2025, counsel for all served defendants – Fox, Microsoft, NBCUniversal, Warner Bros., TWDC, ABC, Apple, and Google – participated in joint defense calls in which all of the aforesaid parties discussed and consented to remove this action to the Central District.  All defendants properly joined and served consent to the removal of this action, as required under 28 U.S.C. § 1446(b). *See* Declaration of Lisa Weddle at ¶¶ 3-5.

## II.    REMOVAL IS TIMELY

7.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed on January 17, 2024, within thirty (30) days of completion of service of process on Warner Bros. and NBCUniversal (which was December 18, 2024) and less than thirty (30) days of service of process on Microsoft, TWDC, and ABC (which was December 19, 2024).  This Notice of Removal is also timely because it is being filed within one (1) year of the commencement of this action.

8.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

NOTICE OF REMOVAL TO FEDERAL
COURT [CASE NO. 8:25-CV-00095]

III.    **GROUNDS FOR REMOVAL AND FEDERAL JURISDICTION**

    A.    **This Court Has Federal Question Jurisdiction Under 28 U.S.C. §§ 1331, 1338, and Removal Is Proper Under 28 U.S.C. § 1441.**

    9.    Federal-question jurisdiction applies when a case arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In particular, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States" and exclusive jurisdiction "of any civil action arising under any Act of Congress relating to patents, . . . copyrights and trademarks." 28 U.S.C. §§ 1331, 1338. In general, federal courts "unquestionably have federal subject matter jurisdiction" over cases in which federal law "creates the cause of action." *Merced Irr. Dist. v. County of Mariposa*, 941 F. Supp. 2d 1237, 1259 (2013) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). Under the well-pleaded complaint rule, a claim generally arises under the laws and treaties of the United States if the complaint itself raises a federal question. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For patent claims such as Plaintiff's here, federal question jurisdiction extends to "cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-809 (1988).

    10.    A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction… to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

    11.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and that may be removed pursuant to 28 U.S.C. § 1441. Plaintiff alleges at least 5 claims that are expressly premised on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

NOTICE OF REMOVAL TO FEDERAL
COURT [CASE NO. 8:25-CV-00095]

1    federal statutes: (1) the First Cause of Action for alleged copyright infringement

2    under 17 U.S.C. § 501(a)-(b) (Complaint, ¶¶ 28-34); (2) the Second Cause of

3    Action for alleged patent infringement under 35 U.S.C. § 271 (Complaint, ¶¶ 36-

4    41); (3) the Third Cause of Action for alleged trademark infringement under

5    15 U.S.C. § 1051 *et seq.* (Complaint, ¶¶ 43-49); (4) the Fourth Cause of Action for

6    alleged trade secrets misappropriation under 18 U.S.C. §§ 1832, 1863 *et seq.*

7    (Complaint, ¶¶ 51-56); and (5) the Sixteenth Cause of Action for fraud by wire,

8    radio, or television under 18 U.S.C. § 1343 (Complaint, ¶ 145).  Each of these

9    causes of action thus concerns a federal question and presents proper grounds for

10   removal.  *See Dielsi v. Falk*, 916 F. Supp. 985, 993 (C.D. Cal. 1996) (holding that

11   the court had removal jurisdiction over copyright claims); 28 U.S.C. § 1338 ("…No

12   State court shall have jurisdiction over any claim for relief arising under any Act of

13   Congress relating to patents… or copyrights.").

14        12.   Additionally, several of Plaintiff's state law claims are preempted by

15   federal patent, trademark, and copyright law as they are premised on the same

16   allegations of purported "unauthorized use" that forms the basis of Plaintiffs claims

17   for federal patent infringement, copyright infringement, and trademark

18   infringement and misappropriation.  Complaint, ¶ 153; *Ansley v. Ameriquest Mortg.*

19   *Co.,* 340 F.3d 858, 862 (9th Cir. 2003) ("the preemptive force of [federal statutes]

20   is so strong that they completely preempt an area of state law.  In such cases, any

21   claim purportedly based on that preempted state law is considered, from its

22   inception, a federal claim, and therefore arises under federal law"); *see Dielsi*, 916

23   F. Supp. at 992 (finding that a conversion claim based on allegations of alleged

24   wrongful use and distribution of the plaintiff's work was preempted).

25        13.   Because Plaintiff asserts several causes of action under various federal

26   laws, Plaintiff's Complaint establishes federal-question jurisdiction, rendering this

27   action removable to this Court under 28 U.S.C. § 1331.

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

NOTICE OF REMOVAL TO FEDERAL
COURT [CASE NO. 8:25-CV-00095]

**B.     This Court Has Supplemental Jurisdiction of Plaintiff's Remaining State Law Claims Under 28 U.S.C. § 1367.**

14.    Not only are some of Plaintiff's state law claims preempted by federal laws (*see* Paragraph 12 above), but the Court can and should exercise supplemental jurisdiction over those other claims because they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Arroyo v. Rosas*, 19 F.4th 1202, 1209 (9th Cir. 2021); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing *Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).  Put another way, if a civil action includes both—(1) a claim over which this Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331, and (2) a claim not within the original or supplemental jurisdiction of this Court—then "the entire action may be removed if the action would be removable without the inclusion of the claim" not within this Court's original or supplemental jurisdiction.  *See* 28 U.S.C. § 1441(c)(1). That is the case here.

15.    All of Plaintiff's claims "form a part of the same case or controversy for purposes of § 1367(a)."  Plaintiff's state law claims all arise from the same set of facts as his federal law claims, over which the district court clearly has original jurisdiction. *See* Paragraphs 9-11 above.  Plaintiff asserts that his federal and state law claims all arise from the defendants' alleged unauthorized use of "his interactive scripting services."  Complaint, *passim.* Because Plaintiff's claims all arise from the same alleged set of facts and occurrences, the state law and federal law claims share a common nucleus of operative fact and are so related that supplemental jurisdiction is proper.

**IV.     ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

16.    **Venue**. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1441(a) because this district embraces Orange County, the county in

1    which the Superior Court action is pending.

2         17.    **Notice**. Microsoft, NBCUniversal, Warner Bros., TWDC, and ABC

3    will promptly serve Plaintiff with this Notice of Removal and will promptly file a

4    copy of this Notice of Removal with the clerk of the state court in which the action

5    is pending, as required under 28 U.S.C. § 1446(d).

6         18.    **Consent**. As required under 28 U.S.C. § 1446(b)(2)(A), all defendants

7    who have been properly joined and served have joined in or consented to the

8    removal of this action.  To date, all defendants other than the National Service

9    Agency appear to have been served based on the proofs of service Plaintiff filed in

10   the Superior Court action.  Counsel for Fox, Apple, and Google have all confirmed

11   that each of those defendants consents to removal.  *See* Weddle Decl., ¶¶ 3-4.

12   Specifically, the week of January 13, 2025, counsel for all served defendants – Fox,

13   Microsoft, NBCUniversal, Warner Bros., TWDC, ABC, Apple, and Google –

14   participated in joint defense calls in which all of the aforesaid parties discussed and

15   consented to remove this action to the Central District.

16   **V.**     **CONCLUSION**

17        19.    Based on the foregoing, Microsoft, NBCUniversal, Warner Bros.,

18   TWDC, and ABC respectfully remove this action to this Court. If any question

19   arises as to the propriety of the removal of this action, Microsoft, NBCUniversal,

20   Warner Bros., TWDC, and ABC respectfully request the opportunity to submit a

21   brief and present oral argument in support of their position that this case is

22   removable. No waiver and no admission of fact, law, or liability, including, without

23   limitation, the amount of damages, if any, is intended by this Notice of Removal,

24   and all defenses, affirmative defenses, and rights are hereby reserved.

25   / / /

26   / / /

27   / / /

28   / / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

NOTICE OF REMOVAL TO FEDERAL
COURT [CASE NO. 8:25-CV-00095]

1    Dated:    January 17, 2025                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                                  By    */s/ Lisa R. Weddle*
                                                         Lisa R. Weddle
4                                                        Andrew V. Devkar
                                                         Pilar Mae Hoye
5
                                                         Attorneys for Defendants
6                                                        MICROSOFT CORPORATION,
                                                         NBCUNIVERSAL MEDIA, LLC,
7                                                        WARNER BROS. DISCOVERY,
                                                         INC., THE WALT DISNEY
8                                                        COMPANY, and AMERICAN
                                                         BROADCAST COMPANIES, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL TO FEDERAL
COURT [CASE NO. 8:25-CV-00095]