# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FOX CORPORATION; MICROSOFT CORPORATION; NBC UNIVERSAL MEDIA, LLC; WARNER
BROS. DISCOVERY INC.   ADDITIONAL DEFENDANTS ON ATTACHMENT

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTIN D. BUCKLER, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*: ORANGE COUNTY SUPERIOR COURT<br><br>700 Civic Center West, Santa Ana, CA  92701 | CASE NUMBER:<br>*(Número del Caso):* 30-2024-01431275-CU-MC-CJC<br><br>Assigned for All Purposes<br>Judge David A. Hoffer |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary S. Saunders, Saunders & Associates, APC 610 Newport Center Drive, Suite 250, Newport Beach, CA  92660 (714) 583-6443

| DATE:<br>*(Fecha)* 10/03/2024 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* | C. Leon | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: **Microsoft Corporation**

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BUCKLER v FOX CORPORATION | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

THE WALT DISNEY COMPANY; AMERICAN BROADCAST COMPANIES, INC.; GOOGLE LLC; APPLE INC.; NATIONAL SECURITY AGENCY,  a Federal Agency; AND DOES 1 - 20, inclusive

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Exhibit A - Page 3 of 44

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gary S. Saunders (144385) - SAUNDERS & ASSOCIATES, APC<br>610 Newport Center Drive, Suite 250, Newport Beach, CA 92660<br><br>TELEPHONE NO.: (714) 583-6443   FAX NO.:<br>EMAIL ADDRESS: litigation@saundersapc.com<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center West
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
MARTIN D. BUCKLER v FOX CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 30-2024-01431275-CU-MC-CJC |
| | | JUDGE: Judge David A. Hoffer |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [x] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
**4.** Number of causes of action *(specify):* 20
**5.** This case [ ] is [x] is not a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 30, 2024
Gary S. Saunders

    (TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit A, Page 4 of 44

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Exhibit A - Page 5 of 44

Case 8:25-cv-00695 Document 1 Filed 01/17/25 Page 6 of 44 Page ID #:14

30-2024-01431275-CU-MC-CJC - ROA # 2 - DAVID H. YAMASARI, Clerk of the Court By C. Leon, Deputy Clerk.

GARY S SAUNDERS (SBN 144385)
SAUNDERS & ASSOCIATES, APC
610 NEWPORT CENTER DR. #250
NEWPORT BEACH, CA 92660-2517
Telephone: (714) 583-6443
Email: gary@saundersapc.com

Attorney for Plaintiff,
Martin D. Buckler

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| MARTIN D. BUCKLER, an individual.<br><br>Plaintiff,<br><br>v.<br><br>FOX CORPORATION; MICROSOFT CORPORATION; NBCUNIVERSAL MEDIA, LLC; WARNER BROS. DISCOVERY, INC.; THE WALT DISNEY COMPANY; AMERICAN BROADCAST COMPANIES, INC.; GOOGLE LLC; APPLE INC.; NATIONAL SECURITY AGENCY, a Federal Agency; AND DOES 1 – 20, inclusive,<br><br>Defendants. | CASE NO: 30-2024-01431275-CU-MC-CJC<br>Assigned for All Purposes<br>Judge David A. Hoffer<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501(a)-(b);<br>2. PATENT INFRINGEMENT - 35 U.S. CODE § 271;<br>3. TRADEMARK INFRINGEMENT – 15 U.S.C. § 1051 ET SEQ.;<br>4. TRADE SECRETS MISAPPROPRIATION - 18 U.S.C. §§ 1832, 1836 ET SEQ, CAL CIV. CODE § 3426 ET SEQ.;<br>5. BREACH OF IMPLIED CONTRACT;<br>6. UNJUST ENRICHMENT;<br>7. COMMON COUNT: GOODS AND SERVICES RENDERED;<br>8. PROMISSORY ESTOPPEL;<br>9. BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING;<br>10. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br>11. NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;<br>12. FRAUDULENT MISREPRESENTATION & DECEIT;<br>13. FRAUDULENT CONCEALMENT; |

1

14. FRAUDULENT INDUCEMENT;
15. NEGLIGENT MISREPRESENTATION;
16. FRAUD BY WIRE, RADIO, OR TELEVISION - 18 U.S.C.A. § 1343;
17. CONVERSION;
18. VIOLATION OF BUS. & PROF. CODE § 17200;
19. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND
20. DECLARATORY RELIEF

**JURY TRIAL DEMANDED**

 **COMES NOW**, MARTIN D. BUCKLER (hereinafter "Plaintiff"), by and through his counsel files his Verified Complaint and hereby alleges as follows:

### **PARTIES**

 1. Plaintiff, Martin D. Buckler ("Plaintiff") is an individual who is and was, at all times, relevant hereto, a resident of Costa Mesa, County of Orange, California.

 2. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant Fox Corporation ("Fox" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of New York City, New York. Fox Corporation owns and operates Fox News.

 3. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant Microsoft Corporation ("MSN" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of Redmond, Washington. Microsoft Corporation owns and operates MSN.

 4. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant NBCUniversal Media, LLC ("NBC" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of New York City, New York. NBCUniversal Media, LLC is a subsidiary of Comcast Corporation.

5. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant Warner Bros. Discovery, Inc. ("CNN" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of New York, New York. Warner Bros. Discovery, Inc. owns and operates CNN (Cable News Network) based in Atlanta, Georgia.

6. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant The Walt Disney Company ("Disney" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of Burbank, County of Los Angeles, California.

7. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant American Broadcasting Companies, Inc ("ABC" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of Burbank, County of Los Angeles, California. American Broadcasting Companies, Inc. is a subsidiary of The Walt Disney Company. American Broadcasting Companies, Inc.  owns and operates ABC News.

8. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant Google LLC ("Google" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of Mountain View, County of Santa Clara, California. Google LLC is a subsidiary of Alphabet Inc.

9. Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant Apple Inc. ("Apple" or collectively, "Defendants") is an entity that is and was, at all times, relevant hereto, operating out of Cupertino, County of Santa Clara, California.

10.     Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein, Defendant National Security Agency ("NSA" or collectively, "Defendants") is a Federal law enforcement agency that is and was, at all times, relevant hereto, operating out of Fort Meade, Maryland.

11.     Plaintiff is ignorant of the true names and capacities of Defendant DOES 1-20, inclusive ("DOES"), and therefore sue them by fictitious names. Plaintiff will amend this complaint to allege DOES's true names and capacities when they are ascertained. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

12.      Plaintiff is informed and believes and upon this basis alleges that DOES are contractually, strictly, negligently, intentionally, or vicariously liable, and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event, or happening set forth in this complaint, and that DOES are indebted to Plaintiff as hereinafter alleged.

13.      Plaintiff is informed and believes that any applicable statutes of limitations have been tolled by the Defendant's continuing, knowing, and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

14.      Plaintiff is informed and believes and upon this basis alleges Defendant, and each of them are, and at all times herein, were the agents, joint ventures, officers, members, representatives, consultants, or employees of their co-Defendant and in committing the acts herein alleged, were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-Defendant.

## JURISDICTION AND VENUE

15.      The California Superior Court has jurisdiction over this action pursuant to *California Constitution Article VI §10* and *Code of Civil Procedure* § 410.10 because Defendant engaged in business in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. Defendants have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over Defendants herein "does not offend the traditional notions of fair play and substantial justice."

16.      Venue is proper in this Court pursuant to *Code of Civil Procedure* § 392(a) because the subject property is located within the jurisdictional region of this Court. Additionally, Defendants herein purposefully directed their activities to the State of California and consummated a transaction with a resident of the State of California. As a result, Defendants caused an event or events to occur in California, and more particularly in the County of Orange, out of which this action arises and which forms the basis of this action.

4

## GENERAL AND FACTUAL ALLEGATIONS

17. Plaintiff Martin D. Buckler ("Plaintiff") invented an innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform.

18. Plaintiff's pioneering technology has also extended its utility to national security, where he has provided significant assistance to law enforcement agencies, including the National Security Agency (NSA), contributing to various national security initiatives.

19. Plaintiff has utilized his expertise to develop content for a multitude of television shows and news syndicates, such as Fox News, MSN, NBC, NBC Universal, CNN, and ABC 7. Additionally, Plaintiff has performed substantial work for tech giants Google and Apple, further demonstrating the broad applicability and high value of his technological innovations.

20. Plaintiff maintains notable professional connections with Fox. Since approximately 2015, Plaintiff has collaborated with numerous Fox talents, integrating his interactive routines into their broadcasts, albeit without formal recognition or compensation. Plaintiff has consistently valued this relationship and harbored aspirations for the continued development and formal acknowledgment of his work.

21. In 2016, Plaintiff formally reached out to Rupert Murdoch and Roger Ailes, seeking acknowledgment and compensation for his considerable contributions to Fox's programming. This correspondence underscored Plaintiff's dedication to his craft and his desire for equitable recognition and remuneration for his innovative work.

22. Despite Plaintiff's formal request for acknowledgment and compensation, Fox Corporation failed to recognize Plaintiff's contributions. Similarly, the other companies and agencies to which Plaintiff provided his interactive scripting services, including MSN, NBC, NBCUniversal, CNN, ABC 7, Google, Apple, and the NSA, also disregarded Plaintiff's request for recognition and compensation.

23. Instead of addressing Plaintiff's rightful claims, these companies and agencies continued to utilize his innovative technology without permission or acknowledgment, effectively appropriating Plaintiff's intellectual property.

24. Plaintiff is unequivocally a victim of intellectual property theft and invasion of privacy. Plaintiff asserts that these entities have unlawfully appropriated his creation, deploying his interactive scripting technology without his consent or authorization.

25. As a direct result of these unauthorized actions, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The infringement on his intellectual property has deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being.

26. In light of the aforementioned facts, Plaintiff seeks to pursue legal action to recover damages, legal fees, and associated costs. Plaintiff aims to hold these entities accountable for their unauthorized use of his technology and to secure the compensation and recognition he rightfully deserves for his innovative contributions.

### FIRST CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501(a)-(b)

### (AGAINST ALL DEFENDANTS & DOES 1-20)

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Under 17 U.S.C. § 501(a)-(b), copyright infringement occurs when a person violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 of the Act. The elements of a copyright infringement claim are: (a) ownership of a valid copyright; (b) original work of authorship; (c) actionable copying by the defendant; and (d) substantial similarity between the plaintiff's work and the allegedly infringing work.

29. Plaintiff holds valid copyrights for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's copyright registrations are on file with the United States Copyright Office, providing conclusive proof of ownership and originality.

30. Plaintiff's technology is an original work of authorship. It embodies creative expression and substantial effort in its development, providing a unique and innovative solution for interactive media scripting. Plaintiff has utilized his expertise to develop content for a multitude of television shows and news syndicates, such as Fox News, MSN, NBC, NBC Universal, CNN, and ABC 7. Additionally, Plaintiff has performed substantial work for tech giants Google and Apple, demonstrating the broad applicability and high value of his technological innovations.

31. Defendants, without authorization, copied Plaintiff's copyrighted technology. Despite Plaintiff's formal requests for acknowledgment and compensation, these entities failed to recognize Plaintiff's contributions and continued to utilize his innovative technology without permission, effectively appropriating Plaintiff's intellectual property.

32. Defendants' actions constitute actionable copying. Plaintiff maintains notable professional connections with Fox and has collaborated with numerous Fox talents since approximately 2015, integrating his interactive routines into their broadcasts without formal recognition or compensation. Despite a formal request in 2016 to Rupert Murdoch and Roger Ailes for acknowledgment and compensation, Fox Corporation and other defendants continued to utilize Plaintiff's interactive scripting technology without authorization.

33. The works produced by Defendants using Plaintiff's technology are substantially similar to Plaintiff's original works. Defendants' unauthorized use of Plaintiff's technology mirrors the unique elements and innovative functionalities of Plaintiff's interactive scripting system. This substantial similarity is evident in the nature and scope of the defendants' broadcasts and the technological solutions employed therein, all of which directly derive from Plaintiff's copyrighted works.

34. As a direct result of Defendants' unauthorized actions, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The infringement on his intellectual property has deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of intellectual property theft and invasion of privacy due to the unlawful appropriation and deployment of his interactive scripting technology by the defendants.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

7

## SECOND CAUSE OF ACTION

### PATENT INFRINGEMENT - 35 U.S. Code § 271

### (AGAINST ALL DEFENDANTS & DOES 1 – 20)

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

36. Under 35 U.S. Code § 271, patent infringement occurs when a person or entity without authority makes, uses, offers to sell, or sells any patented invention within the United States, or imports into the United States any patented invention during the term of the patent. The elements of a patent infringement claim are: (a) ownership of a valid and enforceable patent; (b) unauthorized making, using, selling, or importing of the patented invention by the defendant; and (c) resulting damages to the plaintiff.

37. Plaintiff holds valid and enforceable patents for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system, protected by patents duly issued by the United States Patent and Trademark Office (USPTO), enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform.

38. Plaintiff's patented technology represents a novel and non-obvious advancement in the field of interactive media scripting. Plaintiff has utilized his patented inventions to develop content for a multitude of television shows and news syndicates, such as Fox News, MSN, NBC, NBC Universal, CNN, and ABC 7. Additionally, Plaintiff has performed substantial work for tech giants Google and Apple, further demonstrating the broad applicability and high value of his technological innovations.

39. Defendants, without authorization, made, used, sold, and/or imported Plaintiff's patented technology. Despite Plaintiff's formal requests for acknowledgment and compensation, these entities failed to recognize Plaintiff's contributions and continued to utilize his patented technology without permission, effectively infringing on Plaintiff's patent rights.

40. Defendants' actions constitute unauthorized making, using, selling, and/or importing of Plaintiff's patented inventions. Plaintiff maintains notable professional connections with Fox and has collaborated with numerous Fox talents since approximately 2015, integrating his patented routines into

8

their broadcasts without formal recognition or compensation. Despite a formal request in 2016 to Rupert Murdoch and Roger Ailes for acknowledgment and compensation, Fox Corporation and other defendants continued to utilize Plaintiff's patented technology without authorization.

41. The unauthorized actions by Defendants have directly resulted in significant damages to Plaintiff. As a direct consequence of Defendants' patent infringement, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The infringement on his patents has deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of intellectual property theft due to the unlawful appropriation and deployment of his patented technology by the defendants.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### TRADEMARK INFRINGEMENT – 15 U.S.C. § 1051 et seq.
### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

42. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43. Under 15 U.S.C. § 1051 et seq., trademark infringement occurs when a person uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive. The elements of a trademark infringement claim are: (a) ownership of a valid, protectable trademark; (b) defendant's use of the mark in commerce; (c) likelihood of consumer confusion.

44. Plaintiff holds a valid and protectable trademark for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system, identified by Plaintiff's distinctive trademark, enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's trademark is registered with the United States Patent and Trademark Office (USPTO), providing conclusive proof of ownership and distinctiveness.

45. Plaintiff's trademark is strong and has acquired significant secondary meaning in the marketplace due to its unique association with Plaintiff's innovative technology. Plaintiff has utilized his trademark to develop content for a multitude of television shows and news syndicates, such as Fox News, MSN, NBC, NBC Universal, CNN, and ABC 7. Additionally, Plaintiff has performed substantial work for tech giants Google and Apple, further demonstrating the broad applicability and high value of his technological innovations.

46. Defendants, without authorization, used Plaintiff's trademark in commerce. Despite Plaintiff's formal requests for acknowledgment and compensation, these entities failed to recognize Plaintiff's trademark rights and continued to utilize his distinctive mark without permission, effectively infringing on Plaintiff's trademark.

47. Defendants' actions constitute unauthorized use of Plaintiff's trademark in commerce. Plaintiff maintains notable professional connections with Fox and has collaborated with numerous Fox talents since approximately 2015, integrating his trademarked routines into their broadcasts without formal recognition or compensation. Despite a formal request in 2016 to Rupert Murdoch and Roger Ailes for acknowledgment and compensation, Fox Corporation and other defendants continued to utilize Plaintiff's trademark without authorization.

48. The unauthorized use of Plaintiff's trademark by Defendants is likely to cause consumer confusion, mistake, or deception. Defendants' unauthorized actions have led consumers to mistakenly believe that Plaintiff's innovative technology and services are affiliated with, endorsed by, or sponsored by the Defendants, which is not the case. This likelihood of confusion is evident in the nature and scope of the defendants' broadcasts and the technological solutions employed therein, all of which directly derive from Plaintiff's trademarked works.

49. As a direct result of Defendants' unauthorized actions, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The infringement on his trademark has deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of intellectual property theft due to the unlawful appropriation and deployment of his trademarked technology by the defendants.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

10

# FOURTH CAUSE OF ACTION

## TRADE SECRETS MISAPPROPRIATION

### 18 U.S.C. §§ 1832, 1836 et seq; Cal Civ. Code § 3426 et seq.

### (AGAINST ALL DEFENDANTS, AND DOES 1 – 20)

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Under 18 U.S.C. §§ 1832 and 1836 et seq., and California Civil Code § 3426 et seq., trade secrets misappropriation occurs when a person or entity, without authorization, acquires, discloses, or uses a trade secret of another by improper means. The elements of a trade secrets misappropriation claim are: (a) the existence of a trade secret; (b) the plaintiff's ownership or control of the trade secret; (c) the defendant's acquisition, disclosure, or use of the trade secret through improper means; and (d) resulting damage to the plaintiff.

52. Plaintiff holds proprietary and confidential trade secrets in his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system, developed through substantial effort and investment, enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's trade secrets are protected under both federal and California law, and include confidential algorithms, processes, and methodologies integral to the operation of his technology.

53. Plaintiff has taken reasonable measures to maintain the secrecy of his trade secrets, including restricting access to the proprietary information, implementing confidentiality agreements, and employing security protocols to safeguard the technology from unauthorized disclosure or use. Plaintiff's technology is not generally known to the public and derives independent economic value from its confidentiality, as it provides a competitive advantage in the media and technology industries.

54. Defendants, without authorization, acquired, disclosed, and used Plaintiff's trade secrets through improper means. Despite Plaintiff's formal requests for acknowledgment and compensation, these entities failed to recognize Plaintiff's trade secret rights and continued to utilize his proprietary technology without permission, effectively misappropriating Plaintiff's trade secrets.

11

55. Defendants' actions constitute improper acquisition, disclosure, and use of Plaintiff's trade secrets. Plaintiff maintains notable professional connections with Fox and has collaborated with numerous Fox talents since approximately 2015, integrating his proprietary routines into their broadcasts without formal recognition or compensation. Despite a formal request in 2016 to Rupert Murdoch and Roger Ailes for acknowledgment and compensation, Fox Corporation and other defendants continued to utilize Plaintiff's trade secrets without authorization.

56. The unauthorized actions by Defendants have directly resulted in significant damages to Plaintiff. As a direct consequence of Defendants' misappropriation of trade secrets, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The misappropriation of his trade secrets has deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of intellectual property theft due to the unlawful appropriation and deployment of his trade secrets by the defendants.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

58. Pursuant to CDC *Firefighter v. Maldonado* (2008) Cal.App.4th 1226, 1239, a cause of action for breach of contract necessitates proof of the following elements: (1) existence of the contract; (2) Plaintiff's performance or excuse of nonperformance; (3) Defendant's breach; (4) damages to Plaintiff as a result of the breach.

59. Pursuant to Civ. Code, § 1619, "a contract is either express or implied." Civ. Code, § 1621 specifies that "An implied contract is one, the existence and terms of which are manifested by conduct."

60. "An implied-in-fact contract is based on the conduct of the parties. Like an express contract, an implied-in-fact contract requires an ascertained agreement of the parties." (*Unilab Corp. v. Angeles-IPA* (2016) 244 Cal.App.4th 622, 636 [198 Cal.Rptr.3d 211].

61. Plaintiff entered into implied-in-fact contracts with Defendants through the continuous and consistent provision of his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's ongoing and substantial contributions, performed at the request of and for the benefit of the Defendants, constituted conduct manifesting the terms of the implied-in-fact contracts.

62. Plaintiff performed all obligations under the implied-in-fact contracts by developing and providing his innovative technology and interactive scripting services to the Defendants. Plaintiff's performance is evidenced by his significant contributions to the content and broadcasts of television shows and news syndicates, such as Fox News, MSN, NBC, NBC Universal, CNN, and ABC 7, as well as substantial work for tech giants Google and Apple. Plaintiff's collaborations with Fox talents since approximately 2015, and his formal communications to Rupert Murdoch and Roger Ailes in 2016 seeking acknowledgment and compensation, further demonstrate his performance and dedication to these implied agreements.

63. Defendants breached the implied-in-fact contracts by failing to provide acknowledgment and compensation for Plaintiff's significant contributions and the use of his innovative technology. Despite Plaintiff's formal requests, the Defendants continued to utilize Plaintiff's technology without recognizing his contributions or compensating him for his services, thereby violating the terms of the implied agreements manifested by their conduct.

64. As a direct result of Defendants' breach of the implied-in-fact contracts, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The failure to acknowledge and compensate Plaintiff for his contributions deprived him of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of the Defendants' failure to honor the terms of the implied-in-fact contracts established through their conduct.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## SIXTH CAUSE OF ACTION
### UNJUST ENRICHMENT
### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

65. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

66. "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." (Rest., Restitution, § 1.) "An individual is required to make restitution if he or she is unjustly enriched at the expense of another, where a person is "enriched" if the person receives a benefit at another's expense, and "benefit" means any type of advantage. *Meister v. Mensinger* (2014) 230 Cal.App.4th 381 [178 Cal.Rptr.3d 604]

67. In California, there is a split in authority on whether unjust enrichment is an independent cause of action. Some courts, like the 4th Appellate District have held that there is no cause of action in California labeled "unjust enrichment". See *Durell v. Sharp Healtheare*, (2010) 183 Cal. App. 4th 1350, 1370; *Levine v. Blue Shield of California*, (2010) 189 Cal. App. 4th 1117, 1138; *Melchior v. New Line Productions, Inc.,* (2003) 106 Cal. App. 4th 779, 793. Other courts have treated unjust enrichment as an independent cause of action. See *Hartford Casualty Ins. Co.y. J.R. Marketing, LL.C,* (2014) 61 Cal. 4th 988, 995. When there is more than one appellate decision, and such appellate decisions are in conflict ... the court exercising inferior jurisdiction can and must make a choice between the conflicting decisions. *Auto Fquity Sales, Inc. v. Superior Court of Santa Clara County,* (1962) 57 Cal. 2d 450, 456.

68. "As a matter of law, an unjust enrichment claim does not lie where the parties have an enforceable express contract." *California Medical Assn. v. Aetna U.S. Healthcare of California, Inc.,* (2001) 94 Cal. App. 4th 151, 172. Therefore, "an unjust enrichment theory is inapplicable" where the plaintiff "alleges the parties entered into [an] express contract." *Durell,* (2010) 183 Cal. App. 4th at 1370.

14

69. The elements of a cause of action for unjust enrichment are simply stated as receipt of a benefit and unjust retention of the benefit at the expense of another. *Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc. (2018) 29 Cal.App.5th 230 [239 Cal.Rptr.3d 908]*

70. Plaintiff conferred significant benefits upon Defendants by providing his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's technology and services provided substantial advantages and value to the Defendants, enhancing their broadcasts and technological capabilities.

71. Defendants, without authorization, utilized Plaintiff's technology and benefited from his innovations. Despite Plaintiff's formal requests for acknowledgment and compensation, these entities failed to recognize Plaintiff's contributions and continued to exploit his technology without permission. Defendants have unjustly retained the benefits conferred by Plaintiff, without providing any compensation or recognition, thereby enriching themselves at Plaintiff's expense.

72. As a direct result of Defendants' unjust retention of benefits, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The exploitation of his technology without compensation deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of Defendants' unjust enrichment due to the unauthorized use and retention of benefits derived from his innovative technology.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## SEVENTH CAUSE OF ACTION
### COMMON COUNT: GOODS AND SERVICES RENDERED
### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

73. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

74. " 'Quantum meruit refers to the well-established principle that "the law implies a promise to pay for services performed under circumstances disclosing that they were not gratuitously rendered."

[Citation.] To recover in quantum meruit, a party need not prove the existence of a contract [citations], but it must show the circumstances were such that "the services were rendered under some understanding or expectation of both parties that compensation therefor was to be made." ' [Citation.]" (*Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore* (2008) 162 Cal.App.4th 1331, 1344 [76 Cal.Rptr.3d 649].) "The underlying idea behind quantum meruit is the law's distaste for unjust enrichment. If one has received a benefit which one may not justly retain, one should 'restore the aggrieved party to his [or her] former position by return of the thing or its equivalent in money.' [Citation.]" (*Maglica v. Maglica* (1998) 66 Cal.App.4th 442, 449 [78 Cal.Rptr.2d 101], italics omitted.) " 'The measure of recovery in *quantum meruit* is the reasonable value of the services rendered *provided* they were of direct benefit to the defendant.' [Citations.]" (*Ibid.*) In other words, quantum meruit is equitable payment for services already rendered. (*E.J. Franks Construction, Inc. v. Sahota* (2014) 226 Cal.App.4th 1123, 1127–1128 [172 Cal.Rptr.3d 778, 780–781]).

75. Pursuant to CACI No. 371, to establish this claim, a plaintiff must prove all of the following:

    a.  That Defendant requested, by words or conduct, that Plaintiff [perform services/deliver goods] for the benefit of Defendant;

    b.  That Plaintiff performed the services/delivered the goods] as requested;

    c.  That Defendant has not paid Plaintiff for the [services/goods]; and

    d.  The reasonable value of the [goods/services] that were provided.

76. Plaintiff Martin D. Buckler ("Plaintiff") provided significant goods and services to Defendants Fox Corporation ("Fox"), Microsoft Corporation ("MSN"), NBCUniversal Media, LLC ("NBC"), Warner Bros. Discovery, Inc. ("CNN"), The Walt Disney Company ("Disney"), American Broadcasting Companies, Inc. ("ABC"), Google LLC, and Apple Inc. Plaintiff's innovative technology facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system, which enables real-time scripting, allowed Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's technology and services provided substantial advantages and value to the Defendants, enhancing their broadcasts and technological capabilities.

77. Defendants, through their words and conduct, requested that Plaintiff perform these services for their benefit. Plaintiff complied and performed the requested services, integrating his interactive routines into their broadcasts and providing significant contributions to their content and technological operations. Despite Plaintiff's formal requests for acknowledgment and compensation, Defendants failed to provide any payment for the valuable services rendered by Plaintiff.

78. As a direct result of Defendants' failure to compensate Plaintiff for the services provided, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The exploitation of his technology and services without compensation deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of Defendants' unjust retention of benefits derived from his services.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## EIGHTH CAUSE OF ACTION

### PROMISSORY ESTOPPEL

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

79. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

80. The Restatement (2d) of Contracts §90 provides that "a promise which the promisor *should reasonably expect* to induce action or forbearance on the part of the promisee or a third person and *which does induce* such action or forbearance *is binding* if injustice can be avoided only by enforcement of the promise." (emphasis added)

81. The elements of promissory estoppel are (1) a promise, (2) the promisor should reasonably expect the promise to induce action or forbearance on the part of the promisee or a third person, (3) the promise induces action or forbearance by the promisee or a third person, and (4) injustice can be avoided only by enforcement of the promise. *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2016) 6 Cal.App.5th 1207 [212 Cal.Rptr.3d 216], aff'd (2018) 4 Cal.5th 637 [230 Cal.Rptr.3d 408, 413 P.3d 650]

82. Plaintiff received implicit and explicit promises from Defendants. These promises were made through ongoing professional relationships and communications, where Defendants acknowledged the value of Plaintiff's innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform.

83. Defendants, through their words and conduct, made promises to Plaintiff that they would acknowledge and compensate him for his contributions and the use of his technology. Plaintiff reasonably relied on these promises, expecting that his significant contributions and the provision of his innovative technology would be formally recognized and compensated. Plaintiff's reliance on these promises was reasonable given the professional relationships and the substantial benefits his technology provided to the Defendants.

84. Plaintiff took action based on Defendants' promises by continuously developing and providing his innovative technology and services to Defendants. Plaintiff's reliance on these promises induced him to invest significant time, effort, and resources into enhancing Defendants' broadcasts and technological capabilities. Despite Plaintiff's formal requests for acknowledgment and compensation, Defendants failed to fulfill their promises, leaving Plaintiff uncompensated and unacknowledged for his valuable contributions.

85. Injustice can be avoided only by enforcement of the promises made by Defendants. As a direct result of Defendants' failure to honor their promises, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The lack of acknowledgment and compensation deprived Plaintiff of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of Defendants' failure to fulfill their promises, and enforcement of these promises is necessary to prevent further injustice.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## NINTH CAUSE OF ACTION

## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

## (AGAINST ALL DEFENDANTS, AND DOES 1-20)

86. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

87. The Court in *Automatic Vending Co. v. Wisdom* (1960) 12 Cal. App.2d 354, 358 held that "[W]here a contract confers on one party a discretionary power affecting the rights of the other, a duty is imposed to exercise that discretion in good faith and in accordance with fair dealing. (Citations omitted)".

88. "When one party to a contract retains the unilateral right to amend the agreement governing the parties' relationship, its exercise of that right is constrained by the covenant of good faith and fair dealing which precludes amendments that operate retroactively to impair accrued rights." (*Cobb v. Ironwood Country Club* (2015) 233 Cal.App.4th 960, 963 [183 Cal.Rptr.3d282].)

89. The elements for breach of implied duty of good faith (CACI No. 325):

    a.  That Plaintiff and Defendant entered into a contract;

    b.  That Plaintiff did all, or substantially all of the significant things that the contract required to do or was excused;

    c.  That all conditions required for Defendant's performance had occurred or were excused;

    d.  That Defendant's conduct prevented plaintiff from receiving the benefits under the contract;

    e.  That by doing so, Defendant did not act fairly and in good faith; and

    f.  That Plaintiff was harmed by Defendant's conduct.

90. Plaintiff entered into implied contracts with Defendants through the continuous provision of his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. These implied contracts were manifested by the conduct of both parties, indicating a mutual understanding and expectation of acknowledgment and compensation for Plaintiff's contributions.

91. Plaintiff did all, or substantially all, of the significant things required under the implied contracts. He provided his innovative technology and interactive scripting services to Defendants, significantly enhancing their broadcasts and technological capabilities. Plaintiff's ongoing contributions and formal communications seeking acknowledgment and compensation demonstrate his performance under the implied contracts.

92. All conditions required for Defendants' performance had occurred or were excused. Defendants benefited substantially from Plaintiff's technology and services, integrating his interactive routines into their broadcasts without providing any acknowledgment or compensation. Plaintiff's performance and the benefits conferred upon Defendants necessitated their obligation to act in good faith and fair dealing.

93. Defendants' conduct prevented Plaintiff from receiving the benefits under the implied contracts. Despite Plaintiff's formal requests for acknowledgment and compensation, Defendants failed to recognize Plaintiff's contributions and continued to exploit his technology without permission. By doing so, Defendants did not act fairly and in good faith, violating the implied duty of good faith and fair dealing inherent in their contractual relationship with Plaintiff.

94. As a direct result of Defendants' breach of the implied duty of good faith and fair dealing, Plaintiff has endured substantial physical, mental, emotional, and financial suffering. The failure to acknowledge and compensate Plaintiff for his contributions deprived him of significant potential income, causing extensive financial losses and impacting his overall well-being. Plaintiff is unequivocally a victim of Defendants' unfair and bad faith conduct in their contractual relationship.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## TENTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

95. Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

96. "To prevail on a cause of action for intentional interference with prospective economic advantage in California, a plaintiff must plead and prove (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts." *Reeves v. Hanlon* (2004) 33 Cal.4th 1140.

97. Plaintiff had established and maintained economic relationships with various third parties, including on-air talent, media personalities, television shows, and news syndicates, through the provision of his innovative technology that facilitates the creation of interactive catalogs. This advanced system enabled real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. These economic relationships had a high probability of future economic benefit to Plaintiff, given the substantial value and advantages his technology provided.

98. Defendants were fully aware of Plaintiff's economic relationships with these third parties. Plaintiff's collaborations with Defendants, the significant contributions he made to their broadcasts, and his formal communications seeking acknowledgment and compensation are clear indications that Defendants had knowledge of these relationships and the prospective economic benefits to Plaintiff.

99. Defendants engaged in intentional acts designed to disrupt Plaintiff's economic relationships. By failing to acknowledge and compensate Plaintiff for his contributions and continuing to exploit his technology without permission, Defendants effectively undermined Plaintiff's professional standing and economic prospects. Defendants' actions were calculated to disrupt Plaintiff's relationships with third parties, depriving him of the recognition and financial rewards that would naturally flow from his innovative work.

100.     As a direct result of Defendants' intentional interference, Plaintiff's economic relationships were actually disrupted. The continued use of Plaintiff's technology without authorization not only deprived him of compensation but also damaged his reputation and professional relationships with third parties, significantly impairing his ability to secure future economic benefits.

101.    This disruption caused substantial economic harm to Plaintiff. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' intentional interference.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## ELEVENTH CAUSE OF ACTION

### NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

102.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

103.    "The elements of negligent interference with prospective economic advantage are (1) the existence of an economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; (6) and economic harm proximately caused by the defendant's negligence." (*Redfearn v. Trader Joe's Co.* (2018) 20 Cal.App.5th 989, 1005 [230 Cal.Rptr.3d 98].

104.    Plaintiff had established and maintained economic relationships with various third parties, including on-air talent, media personalities, television shows, and news syndicates, through the provision of his innovative technology that facilitates the creation of interactive catalogs. This advanced system enabled real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. These economic relationships had a high probability of future economic benefit to Plaintiff, given the substantial value and advantages his technology provided.

105.    Defendants were fully aware of Plaintiff's economic relationships with these third parties. Plaintiff's collaborations with Defendants, the significant contributions he made to their

broadcasts, and his formal communications seeking acknowledgment and compensation are clear indications that Defendants had knowledge of these relationships and the prospective economic benefits to Plaintiff.

106.    Defendants knew or should have known that their failure to act with reasonable care would disrupt Plaintiff's economic relationships. Given the substantial reliance on Plaintiff's technology and services, Defendants' continued use of his technology without authorization or compensation demonstrated a lack of reasonable care that was likely to disrupt Plaintiff's relationships with third parties.

107.    Defendants failed to act with reasonable care by continuing to use Plaintiff's innovative technology without authorization or compensation. This failure to acknowledge and compensate Plaintiff for his contributions constituted a breach of the standard of care owed to Plaintiff, given the established economic relationships and the foreseeable impact of their actions on Plaintiff's economic interests.

108.    As a direct result of Defendants' failure to act with reasonable care, Plaintiff's economic relationships were actually disrupted. The continued use of Plaintiff's technology without authorization not only deprived him of compensation but also damaged his reputation and professional relationships with third parties, significantly impairing his ability to secure future economic benefits.

109.    This disruption caused substantial economic harm to Plaintiff. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' negligence.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

# TWELFTH CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION & DECEIT

## (AGAINST ALL DEFENDANTS, AND DOES 1-20)

110.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

111.    Civ. Code, § 1709 states "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

112.    Civ. Code, § 1710 defines deceit as:

a.    The suggestion, as a fact, of that which is not true, by one who does not believe it to be true; (Intentional Misrepresentation)

b.    The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

c.    The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

d.    A promise, made without any intention of performing it.

113.    The elements of fraud giving rise to an action for deceit are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage. *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951 [64 Cal.Rptr.2d 843, 938 P.2d 903], as modified (July 30, 1997)

114.    Defendants made false representations to Plaintiff, suggesting as fact that they would acknowledge and compensate him for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. These advanced systems enable real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Defendants did not believe these representations to be true and had no reasonable grounds for believing them to be true.

115.    Defendants suppressed the fact that they had no intention of acknowledging or compensating Plaintiff for his contributions, despite utilizing his technology extensively. This

24

suppression misled Plaintiff, who reasonably believed in the integrity of the professional relationships and the promises made by Defendants.

116.     Defendants made these promises with the intent to defraud Plaintiff and induce reliance on these misrepresentations. Plaintiff justifiably relied on Defendants' representations, investing significant time, effort, and resources into providing his innovative technology and services, expecting to be compensated and acknowledged for his contributions.

117.     As a direct result of Defendants' fraudulent misrepresentations and deceit, Plaintiff has suffered substantial physical, mental, emotional, and financial damages. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' deceitful conduct.

     **WHEREFORE**, Plaintiff prays for judgment as set forth below.

## THIRTEENTH CAUSE OF ACTION

### FRAUDULENT CONCEALMENT

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

118.     Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

119.     "A duty to speak may arise in four ways: it may be directly imposed by statute or other prescriptive law; it may be voluntarily assumed by contractual undertaking; it may arise as an incident of a relationship between the defendant and the plaintiff; and it may arise as a result of other conduct by the defendant that makes it wrongful for him to remain silent." (*SCC Acquisitions, Inc. v. Central Pacific Bank* (2012) 207 Cal.App.4th 859, 860 [143 Cal.Rptr.3d 711].)

120.     "[T]he elements of an action for fraud and deceit based on a concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5)

as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." (*Boschma v. Home Loan Center, Inc.* (2011) 198 Cal.App.4th 230, 248 [129 Cal.Rptr.3d 874].)

121.    Defendants concealed or suppressed material facts regarding their intentions to acknowledge and compensate Plaintiff for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Defendants led Plaintiff to believe that his contributions would be recognized and compensated, while they had no intention of doing so.

122.    Defendants were under a duty to disclose these material facts to Plaintiff due to the nature of their professional relationships and the significant reliance Plaintiff placed on Defendants' representations. The duty to disclose arose from the established economic relationships, the collaborative efforts, and the benefits Defendants derived from Plaintiff's technology.

123.    Defendants intentionally concealed or suppressed these material facts with the intent to defraud Plaintiff. By withholding their true intentions, Defendants ensured continued access to Plaintiff's innovative technology without the necessity of providing the promised acknowledgment or compensation. This concealment was designed to deceive Plaintiff and induce him to continue providing his valuable services and technology.

124.    Plaintiff was unaware of the concealed or suppressed facts and would not have acted as he did if he had known the truth. Plaintiff relied on Defendants' representations and continued to provide his innovative technology and services under the belief that his contributions would be recognized and compensated, as promised by Defendants.

125.    As a result of Defendants' fraudulent concealment, Plaintiff has sustained substantial damages. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' deceitful conduct.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

26

## FOURTEENTH CAUSE OF ACTION

### FRAUDULENT INDUCEMENT

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

126.     Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

127.     With regard to fraud in contract formation, Pursuant to CA Civ Code § 1572, fraud in contract formation "consists in any of the following acts, committed or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:

a.  The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

b.  The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

c.  The suppression of that which is true, by one having knowledge or belief of the fact;

d.  A promise made without any intention of performing it; or,

e.  Any other act fitted to deceive.

128.     Defendants committed acts of fraudulent inducement by making false representations to Plaintiff regarding their intentions to acknowledge and compensate him for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Defendants suggested as fact that they would provide acknowledgment and compensation, despite not believing it to be true.

129.     Defendants made positive assertions that were not warranted by the information they possessed, indicating that they would recognize and compensate Plaintiff for his contributions. These assertions were made to deceive Plaintiff and induce him to continue providing his valuable technology and services.

130.     Defendants suppressed the true fact that they had no intention of compensating or acknowledging Plaintiff for his contributions, despite having knowledge of this fact. By withholding this crucial information, Defendants misled Plaintiff into believing that he would be compensated and recognized for his work.

131.     Defendants made promises without any intention of performing them, aiming to induce Plaintiff to enter into and continue their professional relationship. These promises were crafted to deceive Plaintiff and exploit his innovative technology without providing the promised acknowledgment or compensation.

132.     Defendants engaged in acts fitted to deceive Plaintiff, leading him to believe that his contributions would be fairly compensated and acknowledged. These deceptive acts were intended to induce Plaintiff to rely on Defendants' representations and continue providing his innovative technology and services.

133.     As a direct result of Defendants' fraudulent inducement, Plaintiff has sustained substantial damages. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' deceitful conduct.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## FIFTEENTH CAUSE OF ACTION
### NEGLIGENT MISREPRESENTATION
### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

134.     Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

135.     "Negligent misrepresentation is a separate and distinct tort, a species of the tort of deceit. Where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit." (*Bily v. Arthur Young & Co.* (1992) 3 Cal.4th 370, 407)

136.     Pursuant to CACI No. 1903, Plaintiff must prove:

a.   That Defendant represented to Plaintiff that a fact was true;

b.   That Defendant's representation was not true;

  c. That although Defendant may have honestly believed that the representation was true, Defendant had no reasonable grounds for believing the representation was true when made;

  d. That Defendant intended that Plaintiff rely on this representation;

  e. That Plaintiff reasonably relied on Defendant's representation;

  f. That Plaintiff was harmed; and

  g. That Plaintiff's reliance on Defendant's representation was a substantial factor in causing Plaintiff's harm.

137. Defendants represented to Plaintiff that they would acknowledge and compensate him for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Defendants' representations were made to induce Plaintiff to continue providing his valuable technology and services.

138. Defendants' representations were not true. Despite their assurances, Defendants had no intention of acknowledging or compensating Plaintiff for his contributions. They continued to utilize his technology without providing the promised recognition or compensation.

139. Although Defendants may have honestly believed that their representations were true, they had no reasonable grounds for such belief. Given the professional relationships and the significant reliance on Plaintiff's technology, Defendants should have known that their representations were false and misleading.

140. Defendants intended that Plaintiff rely on their representations. By assuring Plaintiff that he would be acknowledged and compensated, Defendants sought to induce Plaintiff to continue providing his innovative technology and services, benefiting Defendants' broadcasts and technological capabilities.

141. Plaintiff reasonably relied on Defendants' representations. Based on their assurances, Plaintiff continued to invest significant time, effort, and resources into providing his technology and services, expecting to be compensated and recognized for his contributions.

29

142.     As a direct result of Defendants' negligent misrepresentation, Plaintiff was harmed. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' deceitful conduct.

143.     Plaintiff's reliance on Defendants' representations was a substantial factor in causing his harm. The continued provision of his technology and services, based on the false assurances of acknowledgment and compensation, led to significant financial and emotional damages for Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## SIXTEENTH CAUSE OF ACTION

### FRAUD BY WIRE, RADIO, OR TELEVISION - 18 U.S.C.A. § 1343

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

144.     Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

145.     The elements of wire fraud are: (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; and (3) a specific intent to defraud. 18 U.S.C.A. § 1343. (*U.S. v. Jinian* (9th Cir. 2013) 725 F.3d 954).

146.     Defendants engaged in a scheme to defraud Plaintiff by falsely representing their intentions to acknowledge and compensate him for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Defendants' scheme involved false representations and promises made to Plaintiff to induce him to continue providing his valuable technology and services.

147.     Defendants used wire communications, including emails and other electronic communications, to further their fraudulent scheme. These communications were used to convey false assurances and promises to Plaintiff, making it appear that they intended to compensate and acknowledge him for his contributions, while in reality, they had no intention of doing so. The use of

30

wire communications was integral to Defendants' scheme, allowing them to mislead Plaintiff and continue exploiting his technology without providing the promised recognition or compensation.

148.    Defendants acted with specific intent to defraud Plaintiff. Their false representations and promises were made with the knowledge that they were untrue and with the intention of deceiving Plaintiff. Defendants sought to induce Plaintiff's reliance on these misrepresentations, ensuring continued access to his valuable technology and services without fulfilling their promises. This specific intent to defraud is evidenced by Defendants' consistent use of misleading communications and their failure to provide the promised compensation and acknowledgment.

149.    As a direct result of Defendants' wire fraud, Plaintiff has sustained substantial damages. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' fraudulent conduct.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## SEVENTEENTH CAUSE OF ACTION
### CONVERSION
### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

150.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

151.    "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240 [191 Cal. Rptr.3d 536, 354 P.3d 334]).

152.    Plaintiff has ownership and the right to possession of the innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle

31

information to his clients through an interactive platform. Plaintiff's proprietary technology, including its algorithms, processes, and methodologies, constitutes his intellectual property.

153.    Defendants wrongfully exercised dominion over Plaintiff's technology by using it without authorization. Despite Plaintiff's formal requests for acknowledgment and compensation, Defendants continued to exploit Plaintiff's proprietary technology for their own benefit, integrating it into their broadcasts and technological solutions without providing the promised recognition or compensation. This unauthorized use of Plaintiff's technology constitutes a wrongful act and a disposition of Plaintiff's property rights.

154.    As a direct result of Defendants' conversion, Plaintiff has sustained substantial damages. The lack of acknowledgment and compensation for his valuable contributions deprived Plaintiff of significant potential income, causing extensive financial losses. Plaintiff's overall well-being has been negatively impacted due to the financial strain and loss of professional opportunities resulting from Defendants' wrongful exercise of dominion over his property.

WHEREFORE, Plaintiff prays for judgment as set forth below.


**EIGHTEENTH CAUSE OF ACTION**

**VIOLATION OF Bus. & Prof. Code § 17200**

**(AGAINST ALL DEFENDANTS, AND DOES 1-20)**

155.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

156.    Defendants engaged in practices that constitute a violation of the Unfair Competition Law (UCL), codified under California Business and Professions Code § 17200, which prohibits unlawful, unfair, or fraudulent business acts or practices, as well as false advertising.

157.    Defendants' actions, as detailed in the preceding paragraphs, include the unauthorized use and exploitation of Plaintiff's innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an

32

interactive platform. Defendants' conduct in utilizing this technology without acknowledgment or compensation constitutes unfair and fraudulent business practices.

158.     Defendants' practices are unlawful as they violate several statutory provisions, including but not limited to intellectual property laws and contractual obligations. By failing to acknowledge and compensate Plaintiff for his contributions, Defendants have engaged in unlawful business conduct, infringing on Plaintiff's proprietary rights and violating their duty of good faith and fair dealing.

159.     Defendants' practices are unfair as they cause significant harm to Plaintiff and provide Defendants with an unfair competitive advantage. The lack of acknowledgment and compensation for Plaintiff's technology not only deprives him of rightful income but also undermines his professional standing and future business opportunities. This unfair conduct disrupts the balance of competition in the marketplace, benefiting Defendants at Plaintiff's expense.

160.     Defendants' practices are fraudulent as they involve intentional misrepresentations and deceitful conduct. Defendants falsely represented their intentions to acknowledge and compensate Plaintiff, inducing him to continue providing his valuable technology and services. This fraudulent behavior misled Plaintiff and caused him to rely on Defendants' false assurances, resulting in substantial damages.

161.     As a direct result of Defendants' violations of the UCL, Plaintiff has sustained significant economic harm. The unfair and fraudulent business practices of Defendants have deprived Plaintiff of substantial potential income, caused extensive financial losses, and negatively impacted his overall well-being. Plaintiff seeks restitution and injunctive relief to prevent further harm and to restore the competitive balance in the marketplace.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## NINETEENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## (AGAINST ALL DEFENDANTS, AND DOES 1-20)

162.    Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

163.    A cause of action for intentional infliction of emotional distress exists when there is '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result.' *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1050-1051.

164.    Defendants engaged in extreme and outrageous conduct by falsely representing their intentions to acknowledge and compensate Plaintiff for his innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Defendants' conduct was extreme and outrageous as they exploited Plaintiff's technology and services without providing the promised recognition or compensation, thereby taking advantage of Plaintiff's trust and professional reliance on their representations.

165.    Defendants' actions were undertaken with the intention of causing, or with reckless disregard for the probability of causing, emotional distress to Plaintiff. By continuing to exploit Plaintiff's technology without acknowledgment or compensation, despite Plaintiff's repeated requests and professional reliance on their promises, Defendants acted with a clear disregard for the impact of their actions on Plaintiff's emotional well-being.

166.    As a direct result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress. The lack of acknowledgment and compensation for his valuable

contributions, coupled with the professional betrayal and exploitation of his work, has caused Plaintiff significant mental and emotional anguish. Plaintiff's overall well-being has been severely affected, leading to substantial emotional suffering.

167.     The actual and proximate causation of Plaintiff's severe emotional distress is directly attributable to Defendants' outrageous conduct. Defendants' false representations, exploitation of Plaintiff's technology, and failure to provide the promised compensation and acknowledgment have caused Plaintiff to suffer severe emotional distress. This distress was a foreseeable consequence of Defendants' actions and was directly caused by their extreme and outrageous conduct.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

## TWENTIETH CAUSE OF ACTION

### DECLARATORY RELIEF

### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

168.     Plaintiff re-alleges and incorporates by reference all proceeding paragraphs as though fully set forth herein.

169.     A complaint for declaratory relief must demonstrate: (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. (See *City of Tiburon v. Northwestern Pac. R.R. Co.* (1970) 4 Cal.App.3d 160, 170.) The "proper subjects" of  declaratory relief are set forth in Code of Civil Procedure section 1060 and other statutes. (See, e.g., Gov. Code, § 11350; Civ. Code, § 4212.) The "actual controversy" requirement concerns the existence of present controversy relating to the legal rights and duties of the respective parties pursuant to contract (Code Civ. Proc, § 1060), statute or order. (See *Maguire v. Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 728.)

170.     Plaintiff's request for declaratory relief involves a proper subject of declaratory relief. Plaintiff seeks a judicial determination of his rights and obligations concerning the innovative technology that facilitates the creation of interactive catalogs for on-air talent and media personalities. This advanced system enables real-time scripting, allowing Plaintiff to curate and deliver national news cycle information to his clients through an interactive platform. Plaintiff's proprietary rights in this

technology and the Defendants' unauthorized use and exploitation of the technology are proper subjects for declaratory relief under Code of Civil Procedure section 1060.

171.     An actual controversy exists between Plaintiff and Defendants involving justiciable questions relating to the legal rights and duties of the respective parties. Plaintiff contends that he holds proprietary rights in the innovative technology and that Defendants have violated these rights by using the technology without authorization, acknowledgment, or compensation. Defendants' actions have resulted in significant financial and emotional harm to Plaintiff, creating a present controversy that requires judicial resolution.

172.     The controversy pertains to the legal rights and duties of the parties under contract, statute, and principles of equity. Plaintiff's efforts to seek acknowledgment and compensation for his contributions have been met with continuous exploitation of his technology by Defendants. This ongoing dispute over the rights to the technology and the corresponding obligations of the parties necessitates a declaratory judgment to clarify and resolve the legal uncertainties.

173.     Plaintiff seeks declaratory relief to determine the respective rights and obligations of the parties concerning the proprietary technology, to establish Defendants' duties to acknowledge and compensate Plaintiff for his contributions, and to prevent further unauthorized use of the technology by Defendants. A judicial declaration is necessary and appropriate at this time to resolve the legal and factual issues in controversy and to afford relief from the uncertainty and insecurity regarding the parties' rights and duties.

**WHEREFORE**, Plaintiff prays for judgment as set forth below.

36

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in Plaintiff's favor and against Defendants and each of them as follows:

1.  For compensatory, special, and general damages in an amount subject to proof at trial;

2.  For civil penalties pursuant to statute and restitution;

3.  For punitive damages;

4.  For declaratory relief determining the respective rights and obligations of the parties concerning Plaintiff's proprietary technology;

5.  For injunctive relief to prevent further unauthorized use of Plaintiff's technology by Defendants;

6.  For restitution of all monies wrongfully obtained by Defendants through their use of Plaintiff's technology;

7.  For an order awarding Plaintiff reasonable attorney's fees, reasonable costs of suit incurred, and any other relief as it may deem just and proper.

SAUNDERS & ASSOCIATES, APC

DATED: 9/30/2024                    By: _____
                                         Gary S. Saunders, Esq.
                                         Attorney for Plaintiff,
                                         Martin D. Buckler

37

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center Drive<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
|---|---|
| PLAINTIFF: Martin D. Buckler | **Oct 11, 2024** |
| DEFENDANT: Fox Corporation et.al. | Clerk of the Court<br>By: C. Leon, Deputy |
| Short Title: BUCKLER VS. FOX CORPORATION | |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2024-01431275-CU-MC-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>03/12/2025</u> at <u>09:00:00 AM</u> in Department <u>C16</u> of this court, located at <u>Central Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

<u>**IMPORTANT:**</u> Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html
Appellate Division - https://www.occourts.org/media-relations/appeals-records.html

<u>**IMPORTANTE:**</u> Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html
División de apelaciones - https://www.occourts.org/media-relations/appeals-records.html

<u>**QUAN TRỌNG:**</u> Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html
Ban phúc thẩm - https://www.occourts.org/media-relations/appeals-records.html

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** BUCKLER VS. FOX CORPORATION

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2024-01431275-CU-MC-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 10/11/2024. Following standard court practice the mailing will occur at Sacramento, California on 10/14/2024.

Clerk of the Court, by: _____ , Deputy

SAUNDERS & ASSOCIATES, APC
610 NEWPORT CENTER DRIVE # 250
NEWPORT BEACH, CA 92660-2517

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure , § CCP1013(a)

Exhibit A - Page 44 of 44